UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROLEX WATCH U.S.A., INC.,

      Plaintiff,

vs.

SOLIDSWISS.CD, an individual, partnership or unincorporated association,

      Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff") hereby sues Defendant, the Individual, Partnership, or Unincorporated Association identified in the caption ("Defendant"). Defendant is promoting, selling, offering for sale, and/or distributing goods bearing counterfeits and infringements of Rolex's trademarks within this district through an interactive commercial Internet website operating under the domain name solidswiss.cd (the "Subject Domain Name"). In support of its claims, Rolex alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for federal trademark counterfeiting and infringement, false designation of origin, and common law unfair competition pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Rolex's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendant is subject to personal jurisdiction in this district because it operates an interactive commercial website under the Subject Domain Name accessible in this district, as well as directs business activities and sells counterfeit products to consumers throughout the United States, including within this district.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendant is, upon information and belief, an alien who engages in infringing activities and causes harm within this district by advertising, offering to sell and/or selling infringing products into this district.

## THE PLAINTIFF

4. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022. Rolex is engaged in the business of distributing high quality luxury watches throughout the United States, including within this district, under the federally registered trademarks identified in Paragraph 16 below. Defendant, through the sale and offering for sale counterfeit Rolex watches is directly, and unfairly, competing with Rolex's economic interests in the State of Florida and causing Rolex harm and damage within this jurisdiction. Rolex regularly enforces its intellectual property rights and authorized this action be brought in its name.

## THE DEFENDANT

5. Defendant operates an interactive commercial Internet website through the Subject Domain Name registered with a registrar in a foreign country and is comprised of an individual, partnership and/or business entity of unknown makeup, whom, upon information and belief, likely resides and/or operates in a foreign jurisdiction.

6. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendant targets its business activities towards consumers throughout the world, including

the United States and within this district, through the operation of the interactive commercial Internet website under the Subject Domain Name.

7. Defendant is the past and present controlling force behind the operation of the Internet website operating under the Subject Domain Name.

8. Defendant has purposefully directed some portion of its illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit Rolex watches into the State, and by operating an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

9. Upon information and belief, Defendant has registered, established or purchased, and maintained the Subject Domain Name and the website operating thereunder. Upon information and belief, Defendant has engaged in fraudulent conduct with respect to the registration of the Subject Domain Name by providing false and/or misleading information to its registrar during the registration or maintenance process. Upon information and belief, Defendant has registered and/or maintained the Subject Domain Name for the sole purpose of engaging in illegal counterfeiting activities.

10. Upon information and belief, Defendant will continue to register or acquire new domain names, and consequently new URL addresses in connection therewith, for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of one or more of Rolex's trademarks unless permanently enjoined. Moreover, upon information and belief, Defendant will continue to maintain and grow its illegal marketplace enterprise at Rolex's expense unless permanently enjoined.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Trademark Rights

11. Rolex imports, distributes, sells, promotes and warrants Rolex watches, watch bracelets and related products in the United States.

12. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

13. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches").

14. Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

15. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches.

16. Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ♛ CROWN DESIGN | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| DEEPSEA | 4,378,540 | 8/6/13 | Watches. |
| EXPLORER | 2,518,894 | 12/18/01 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| MILGAUSS | 875,616 | 8/26/69 | Watches [and clocks,] and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| **SEA-DWELLER** | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| **SKY-DWELLER** | 4,280,289 | 1/22/13 | Watches and parts thereof. |
| **SUBMARINER** | 1,782,604 | 7/20/93 | Watches. |
| **YACHT-MASTER** | 1,749,374 | 1/26/1993 | Watches. |
| **ARABESQUE DESIGN** | 5,517,631 | 7/17/2018 | Watches and parts thereof. |

Correct and true copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached hereto as **Exhibit 1**, which are incorporated herein by reference. The Rolex Registered Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

17.     All Rolex Watches are identified by Rolex's registered ROLEX and (hereafter "CROWN DESIGN") trademarks and one or more of, but not limited to, the following registered trademarks owned by Rolex: OYSTER, OYSTER PERPETUAL, PRESIDENT, GMT-MASTER, YACHT-MASTER, SUBMARINER, and DAYTONA (see **Exhibit 1**).

18.     The Rolex Registered Trademarks are distinctive marks used to identify these high quality products originating with Rolex.

19.     The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

20.     Rolex and its predecessors have used the ROLEX trademark for nearly a century on and in connection with Rolex Watches and related products. As such, the ROLEX trademark is one of the most famous marks in the world.

21.     Rolex and/or its predecessors have used the Rolex Registered Trademarks for many

years on and in connection with Rolex Watches well prior to the activities of the Defendant complained of herein.

22.  Visibility on the Internet, particularly via internet search engines, such as Google, has become increasingly important to Rolex's overall marketing efforts.  Accordingly, a substantial amount of money has been invested over the past decade in Internet marketing and search engine optimization ("SEO") strategies, which include using the Rolex Registered Trademarks in its metatags to direct consumers to the www.rolex.com website.

23.  Based on Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well prior to the activities of the Defendant complained of herein.  Rolex Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product or affiliate of Rolex.

24.  Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

**Defendant's Infringing Activities**

25.  Upon information and belief, long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendant began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the Internet, watches bearing counterfeits and infringements of the Rolex Registered Trademarks (the "Counterfeit Watches") as those marks appear on Rolex's products and as shown in the federal trademark registrations attached hereto as **Exhibit 1**.

26. On Defendant's website under the Subject Domain Name, Defendant advertises, promotes, and offers for sale counterfeit products, including but not limited to, watches bearing counterfeits and infringements of the Rolex Registered Trademarks. Representative sample web captures downloaded from the website under the Subject Domain Name are attached hereto as **Exhibit 2** as well as images of the watch as received by Rolex's investigator from Defendant attached hereto as **Exhibit 3**.

27. On Defendant's website under the Subject Domain Name, Defendant repeatedly refers to his watches as "Rolex replica watches". Defendant promotes the Counterfeit Watches by stating the following:

> Solidswiss.cd Rolex Swiss replica watches are so close in precision to the originals that even an expert cannot tell the difference. Solidswiss.cd Rolex clone Swiss made movements are perfect 1:1 replications of original Rolex Caliber movements which on inspection can even fool a professional jeweler. The quality of the manufacturing materials and precisely calibrate movement ensures a Swiss watch that is made for life. Solidswiss.cd manufactures the best Rolex Swiss made replica watches in Geneva; Switzerland. Of course it is your choice on which replica and quality to go for, decisions ultimately are based on price and what you can afford. But one should also bear in mind the value you are getting for your money. There is nothing sadder than spotting a guy with a cheap, faded replica on his wrist.

28. On or about March 3, 2020, Rolex's investigator located in Florida placed an order for a Rolex Yacht-Master 29mm Steel and Platinum Silver Dial watch ("First Test Purchase") on the website under the Subject Domain Name. Rolex's investigator received an email confirmation from noreply@solidswiss.cd that Defendant received the order and that he will be contacted regarding payment.

29. On or about March 4, 2020, Rolex's investigator received an email from sales@solidswiss.cd regarding the payment method.

7

30. On or about March 5, 2020, Rolex's investigator paid $1,237.00 in total for the First Test Purchase using paygate.com, a foreign payment processor.

31. On or about March 5, 2020, Defendant confirmed that Rolex's investigator will receive the First Test Purchase within two to three weeks.

32. On or about April 1, 2020, Defendant notified Rolex's investigator by email that he will receive a refund due to Defendant having a dispute with his bank. Defendant invited Rolex's investigator to place a new order and guaranteed that he will receive his order within seven to ten business days.

33. On or about April 15, 2020, Rolex's investigator placed a second order for a Rolex Yacht-Master 29mm Steel and Platinum Silver Dial watch with Defendant ("Second Test Purchase") for delivery to an address in this district. Rolex's investigator paid for the Second Test Purchase by submitting payment in the amount of $7,822.75 HKD through Reap Global, a foreign payment processor.

34. On or about May 27, 2020, Rolex's investigator received the watch from the Second Test Purchase in this district. The return address on the label stated, "YONGXIN DEVELOPMENT CO LTD, ZHANG GEN SUO, C/O LEADON NO 7 LIU TANG RD, BANAN PARK IF RTO PLS RIN TO HKG FOR SHPR INST HONG KONG 518000 KWAI CHUNG HONG KONG". The watch was placed in a child's lunch box. Attached as **Exhibit 3**, which is incorporated herein by reference, are images of the watch as received by Rolex's investigator from Defendant.

35. Upon information and belief, the watch was shipped in a child's lunch box to avoid detection by U.S. Customs and Border Protection.

36. On or about June 1, 2020, Rolex's investigator received presentation boxes, a shopping bag, warranty card and other documentation from Defendant in this district. The return address on the label stated, "SZ YONGXIN DEVELOPMENT CO LTD XING LONG, 25 RM 14 FL JING LONG, BANTIAN LONGGANG DIST, HONG KONG 1, HONG KONG, HONG KONG".

37. Rolex examined the Second Test Purchase and determined the following:

    a. The dial is not a genuine Rolex dial yet bears counterfeit copies of the ROLEX, CROWN DESIGN, YACHT-MASTER, AND OYSTER PERPETUAL trademarks.

    b. The winding crown is not a genuine Rolex winding crown yet bears a counterfeit copy of the CROWN DESIGN trademark.

    c. The bracelet is not a genuine Rolex bracelet yet bears a counterfeit copy of the CROWN DESIGN trademark and the ARABESQUE DESIGN trademark.

    d. None of the parts on the watch were manufactured by Rolex.

    e. The presentation boxes, shopping bag, warranty card and other documentation were not manufactured by Rolex.

38. Upon information and belief, at all times relevant hereto, Defendant has full knowledge of Rolex's ownership of the Rolex Registered Trademarks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

39. Defendant advertises the Counterfeit Watches for sale to the consuming public on its website operating under the Subject Domain Name. In so advertising these products, Defendant improperly and unlawfully uses one or more of the Rolex Registered Trademarks without Rolex's permission.

40. As part of its overall infringement and counterfeiting scheme, Defendant is, upon information and belief, employing and benefiting from advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of the Rolex Registered Trademarks. Specifically, Defendant is, upon information and belief, using counterfeits and infringements of Rolex's famous name and the Rolex Registered Trademarks in order to make its website selling illegal goods appear more relevant and attractive to search engines across an array of search terms.

41. By its actions, Defendant is contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for genuine Rolex Watches. Defendant is causing harm to Rolex and the consuming public by (i) depriving Rolex of its right to fairly compete for space within search engine results and reducing the visibility of genuine Rolex Watches on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Rolex Registered Trademarks, (iii) increasing Rolex's overall cost to market its goods and educate consumers about its brand via the Internet, and/or (iv) maintaining an illegal marketplace enterprise, which perpetuates the ability of Defendant and future entrants to that marketplace to confuse consumers and harm Rolex with impunity.

42. Defendant's acts as aforesaid are deliberately calculated to confuse and deceive the public and are performed with full knowledge of Rolex's rights. Said acts constitute willful and deliberate infringement of Rolex's rights in the Rolex Registered Trademarks.

43. Defendant's use of the Rolex Registered Trademarks including the promotion and advertisement, reproduction, distribution, sale, and/or offering for sale of the Counterfeit Watches is without Rolex's consent or authorization.

44.     Defendant is not now, nor has it ever been, associated, affiliated, or connected with, or endorsed or sanctioned by Rolex.

45.     Rolex is not able to monitor, enforce or maintain its quality control standards on the counterfeit Rolex products Defendant assembles, offers for sale and sells.

46.     Defendant's use of the Rolex Registered Trademarks in the manner described above tends to and does create the erroneous impression that Defendant's products emanate or originate from Rolex, and/or that said products are authorized, sponsored, or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex and the Rolex Registered Trademarks.

47.     Defendant has been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for its own financial gain.  Furthermore, Defendant has unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex Watches and the Rolex Registered Trademarks.

48.     Defendant's acts, as set forth herein, were willful and deliberate.  Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

49.     The injury and damages sustained by Rolex have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of the Counterfeit Watches.

50.     Rolex has suffered irreparable harm and damages as a result of Defendant's conduct. If Defendant's counterfeiting and infringing, and unfairly competitive activities are not permanently enjoined by this Court, Rolex and the consuming public will continue to be harmed.

51.     Rolex has no adequate remedy at law.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT
## PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

52. Rolex hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 51 above.

53. This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeits, copies, and/or colorable imitations of the Rolex Registered Trademarks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of counterfeit Rolex watches.

54. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing watches bearing counterfeits and infringements of one or more of the Rolex Registered Trademarks. Defendant is continuously infringing and inducing others to infringe the Rolex Registered Trademarks by using them to advertise, promote, sell, and/or offer to sell counterfeit Rolex watches.

55. Defendant's counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's counterfeit products.

56. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Rolex and are unjustly enriching Defendant at Rolex's expense.

57. Defendant's above-described illegal actions constitute counterfeiting and infringement of the Rolex Registered Trademarks in violation of Rolex's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

58. Rolex has suffered and will continue to suffer irreparable injury due to Defendant's above described activities if Defendant is not permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

59. Rolex hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 51 above.

60. Defendant's counterfeit products bearing, offered for sale, and sold under copies of one or more of the Rolex Registered Trademarks have been widely advertised and offered for sale throughout the United States.

61. Defendant's counterfeit products bearing, offered for sale, and sold under copies of one or more of the Rolex Registered Trademarks are virtually identical in appearance to Rolex's products. However, Defendant's products are different in quality. Accordingly, Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the counterfeit goods.

62. Defendant, upon information and belief, has used in connection with its advertisement, offer for sale, and sale of their counterfeit goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Rolex's detriment.

63. Defendant has authorized infringing uses of one or more of the Rolex Registered Trademarks in Defendant's advertisement and promotion of their counterfeit and infringing products. Defendant has also misrepresented to members of the consuming public that the counterfeit goods being advertised and sold by them are genuine, non-infringing goods.

64. Additionally, Defendant is using counterfeits and infringements of one or more of the Rolex Registered Trademarks in order to unfairly compete with Rolex and others for space within search engine organic results, thereby jointly depriving Rolex of a valuable marketing and educational tool which would otherwise be available to Rolex and reducing the visibility of Rolex's genuine goods on the World Wide Web.

65. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. Rolex has no adequate remedy at law and has sustained indivisible injury and damages caused by Defendant's conduct. Absent an entry of an injunction by this Court, Rolex will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

### COUNT III - COMMON LAW UNFAIR COMPETITION

67. Rolex hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 51 above.

68. This is an action against Defendant based on its (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are identical, both visually and phonetically, to the Rolex Registered Trademarks, and (ii) creation and maintenance of an illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in which Rolex sells its genuine goods, in violation of Florida's common law of unfair competition.

69. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit Rolex watches. Defendant is also using counterfeits and infringements of one or more of the Rolex Registered Trademarks to unfairly compete with Rolex and others for (i) space in search engine results across an array of search terms

and/or (ii) visibility on the World Wide Web.

70. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the general consuming public as to the origin and quality of Defendant's products by its use of the Rolex Registered Trademarks.

71. Rolex has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendant's actions.

## PRAYER FOR RELIEF

72. WHEREFORE, Rolex demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a. Entry of a permanent injunction pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from:

(i) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(ii) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(iii) using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(iv) further infringing or diluting the Rolex Registered Trademarks by

manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(v) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex; and

(vii) engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(viii) using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex.

(ix) from engaging in search engine optimization strategies using colorable imitations of Rolex's name or the Rolex Registered Trademarks, and from otherwise unfairly competing with Rolex.

b. Entry of a permanent injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, enjoining Defendant and all third parties with actual notice of the injunction from

participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods bearing counterfeits of the Rolex Registered Trademarks.

      c.      Entry of an order that, upon Rolex's request, those acting in concert or participation with Defendant who have notice of the injunction, as service providers cease hosting, facilitating access to, or providing any supporting service to any and all domain names, including but not limited to the Subject Domain Name, and websites through which Defendant engages in the promotion, offering for sale and/or sale of goods using counterfeits and/or infringements of the Rolex Registered Trademarks.

      d.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Rolex to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are used by Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods using counterfeits, and/or infringements of the Rolex Registered Trademarks.

      e.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon Rolex's request, the top level domain (TLD) Registry for each of the Subject Domain Name, and any other domains used by Defendant or its administrators, including backend registry operators or administrators, place the Subject Domain Name on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Name, and any other domain names being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Rolex Registered Trademarks, to the IP addresses where the associated websites are hosted.

    f.  Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at Rolex's election, transferring the Subject Domain Name and any other domain names used by Defendant to engage in its counterfeiting of the Rolex Registered Trademarks at issue to Rolex's control so they may no longer be used for illegal purposes.

    g.  Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Rolex to request any Internet search engines which are provided with notice of the injunction, to permanently disable, de-index or delist the URL www.solidswiss.cd based upon Defendant's unlawful activities being conducted via the Subject Domain Name as a whole and via the URL www.solidswiss.cd.

    h.  Entry of an order requiring Defendant, its agent(s) or assign(s), to assign all rights, title, and interest, to its Subject Domain Name(s) to Rolex and, if within five (5) days of entry of such order any Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at any non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

    i.  Entry of an order requiring each Defendant, its agent(s) or assign(s), to instruct all search engines to permanently delist or deindex the Subject Domain Name(s) and, if within five (5) days of entry of such order any Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at any non-complying Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

    j.  Entry of an order requiring Defendant to account to and pay Rolex for all profits and damages resulting from Defendant's trademark counterfeiting and infringing activities

and that the award to Rolex be trebled, as provided for under 15 U.S.C. § 1117, or, at Rolex's election with respect to Count I, that Rolex be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

      k.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Rolex's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

      l.      Entry of an award of pre-judgment interest on the judgment amount.

      m.      Entry of an order for any further relief as the Court may deem just and proper.

DATED: June 30, 2020.           Respectfully submitted,

                                         STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff ROLEX WATCH U.S.A., INC.